MARCIAL CASILLAS, Plaintiff and Appellant, *v.* JOSÉ RENGEL ET AL., Defendants and Appellees.

No. 7125. Argued April 20, 1937.—Decided May 28, 1937.

M. *Benítez Flores* for appellant. *Juan B. Soto* and *Enrique Igara-vídez* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action for damages for injuries occasioned by negligent operation of an automobile. The action was brought against the owner of the automobile—José Rengel—and against the person who was driving it at the time of the accident—Luis Rengel.

The defendant Luis Rengel demurred to the complaint for want of facts sufficient to constitute a cause of action and for misjoinder of parties defendant. The defendant Luis Rengel filed a motion to strike out and a bill of particulars.

The court sustained the demurrer of the defendant José Rengel. The plaintiff then moved for final judgment, and thereupon the court dismissed the action as to defendant José Rengel. It is from that judgment that the plaintiff has taken the present appeal.

The appellant in his brief assigns two errors committed, as he claims, by the court in sustaining the demurrer and in rendering judgment. They will be considered and decided jointly, as they really involve but one question.

The grounds on which the lower court sustained the demurrer were as follows:

"We have examined the complaint and we think that the defendant is right. On the face of the complaint it appears that said defendant is the owner of the car that occasioned the injury alleged

to have been suffered by the plaintiff; but it does not appear that said defendant was in the car at the time the accident occurred. *Vélez* v. *Llavina,* 18 P.R.R. 634; *Izquierdo* v. *Andrade,* 39 P.R.R. 848.

"It can not be maintained either, that there is a cause of action against the defendant because he lent his car to a person not authorized to operate motor vehicles, inasmuch as in order to render a defendant liable for damages resulting from negligent acts, it is necessary that his negligence be the proximate cause of the injury. In this case, the proximate cause of the injury was, as it appears from the complaint, the negligent manner in which the car in question was being operated by the defendant Luis Rengel. Luis Rengel's lack of a license to operate automobiles was not the proximate cause of the accident. Neither could it be the lending of an automobile to a person not authorized to operate motor vehicles.

"Since there is no cause of action against José Rengel, undoubtedly there is a misjoinder of parties defendant, because said defendant should not have been made a party to the action."

The appellant argues in his brief that the situations that arose in the cases relied on by the trial court—*Vélez* v. *Llavina,* 18 P.R.R. 634, and *Izquierdo* v. *Andrade,* 39 P.R.R. 848 —were different from the one arising herein. This is so in part, but the statutes interpreted and the cases cited in those decisions are in close relationship with the attendant circumstances of this case.

Since we are dealing with a demurrer, we shall refer to the textual words of the complaint which attempt to establish a relationship between the owner of the car and the person who caused the accident in operating the vehicle. They are as follows:

"3. That at the time of the accident the automobile belonging to the defendant José Rengel was being driven by the other defendant Luis Rengel, who was not then authorized to operate motor vehicles, and who had borrowed the said automobile from his aforesaid brother, the other defendant José Rengel; that the said José Rengel, knowing that his brother, the other defendant, was not authorized to operate the vehicle, with reckless disregard and gross negligence consented to lend and did lend the said automobile to his brother Luis Rengel, thus knowingly permitting said automobile to be illegally operated."

Luis Rengel was not an employee of José Rengel. Therefore, the relationship of master and servant did not exist. Nor are we dealing with a business enterprise, nor with the running of an errand by the person who was driving the car. The owner was not traveling in the automobile. There exists but the relationship of bailor and bailee between both defendants. Does the law forbid the owner of an automobile to lend it to another person? Is the owner of an automobile, whenever he loans it, required to ascertain whether it will be driven by a person who is lawfully authorized to do so?

In our opinion the law does not forbid the loan nor impose such requirement. From the mere fact that the car is lent to a person who does not hold a driver's license, we can not conclude that it will be driven by such person. The latter may entrust the driving to a person duly authorized to operate the vehicle. The averment of the complaint which we transcribe above is so worded that it seems to allege that the defendant José Rengel knew that the car was to be driven by his brother, the other defendant, Luis Rengel; but such allegation is not clearly and precisely made as good practice requires, and we were dealing with an amended complaint.

The appellant invokes as "a last question" in his brief, sections 2 (a) and 5 (a) and (k) of the Motor Vehicle Act, No. 75 of 1916, (Session Laws, p. 143), which provide:

"Section 2(a).—That it shall be unlawful for any motor vehicle to be operated on a public highway in Porto Rico without a license therefor issued by the Commissioner of the Interior. . . .

"Section 5(a).—That no person shall operate a motor vehicle in Porto Rico without having been issued a license to do so by the Commissioner of the Interior. . . .

"Section 5(k).—No person shall allow a motor vehicle owned by him or under his control to be operated by a person not legally authorized to do so or in violation of the provisions of this Act, and no person shall hire a *chauffeur* to drive his automobile without ascertaining that he has a proper license."

He argues that, inasmuch as defendant José Rengel permitted his brother, the other defendant, Luis Rengel, to drive his automobile without being legally authorized to do so, in violation of the statute, both defendants infringed the latter and are equally liable.

Apart from the fact that the legal provisions cited are of a penal nature and we are dealing herein with a civil liability, as we have already stated, we did not find that the complaint clearly and precisely alleges that José Rengel lent his automobile to Luis Rengel in order that the latter should drive it.

In virtue of all the foregoing, the judgment apealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.